UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

NORTHWEST LABORERS-EMPLOYERS HEALTH & SECURITY TRUST, et al.,

Plaintiffs,

v.

BARRY CIVIL CONSTRUCTION, INC.,

Defendant.

CASE NO. 2:17-cv-1735-BAT

**ORDER GRANTING MOTION TO COMPEL**

Before the Court is the Motion to Compel of Plaintiffs Northwest Laborers-Employers Health & Security Trust, Western Washington Laborers-Employers Pension Trust, and Northwest Laborers-Employers Training Trust (Plaintiff Trusts). Dkt. 11. Plaintiff Trusts seek to compel Defendant Barry Civil Construction, Inc. to schedule an audit of its payroll records, and to produce payroll documents. *Id.* Defendant does not object to the audit, but otherwise opposes the motion to compel. Dkt. 13. The Court finds that the motion to compel shall be granted and Defendant shall produce the requested documents at an on-site payroll audit to be scheduled by May 29, 2018.

**DISCUSSION**

"A party seeking discovery may move for an order compelling an answer, ... production, or inspection." Fed. R. Civ. P. 37(a)(3)(B)(iii), (iv). "[A]n evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer or respond." Fed. R. Civ. P. 37(a)(4).

ORDER GRANTING MOTION TO COMPEL - 1

1 | Plaintiff Trusts are ERISA Trusts seeking to collect allegedly delinquent fringe benefit contributions and wage deductions pursuant to 29 U.S.C. §§ 185, 1132, and 1145. Plaintiff Trusts are third-party beneficiaries to a collective bargaining contract between Defendant and Plaintiff Washington and Northern Idaho District Council of Laborers (Plaintiff Union).

Plaintiff Trusts seek payroll records from Defendant to verify the accuracy of Defendants' monthly reporting of fringe benefit contributions and Union-negotiated wage deductions to the Plaintiff Trusts from March 2014 through December 2017. The documents sought include those specifying the number of hours worked by each employee each month, on each project, with job and wage classification, and project name and location. Plaintiff Trusts requested this information through a request for production on January 18, 2018 and through its auditors. Dkt. 12, Declaration of Mary M. Stoll, at 1; Dkt. 12-1 at 1-2 (Exhibit A); Dkt. 16, Declaration of Mary A. Stoll; Dkt. 16-1 (Exhibit A), at 4-6 (February 13, 2018 Audit Notification Letter). Specifically, Plaintiff Trusts seek to compel production of:

1. Time cards and time books;

2. Check registers, check stubs, bank statements, and canceled checks;

3. Payroll journals and cash disbursements journals;

4. Earning record cards, compensation records, or other such forms that reflect each employee's payment history;

5. Payroll tax reports to Federal and State agencies, including

    (a) Form 941—Quarterly Reports to IRS (Social Security);
    (b) Forms SF 7578—Quarterly Reports to State Department of L&I (Industrial Insurance);
    (c) Form 5208—Quarterly Reports to State Employment Security Department (Unemployment Compensation);
    (d) Form W-2—Annual Wage and Tax Statement; and
    (e) Form W-4—Employee's Withholding Allowance Certificate.

ORDER GRANTING MOTION TO COMPEL - 2

Defendant argues that Plaintiff Trusts are reaching beyond the scope of their initial document requests and contends that it has already produced documents "substantially responsive to the document requests," including monthly remittance reports (containing payroll information); a list of every employee ever employed; a complete job listing reporting all projects with employee wage codes; wage code listing supporting L&I taxes, and yearly employee tax records. Dkt. 13; Dkt. 14, Declaration of Stephany Sturrock, 1-2.

Plaintiff Trusts explain why Defendant's document production is insufficient:

> Employee-Job Listing (Job/Wage Code Summary Report)—this report includes hours by craft for each project from June 5, 2011 through December 31, 2017, but does not breakdown monthly hours or detail which employees worked hours on each job. It also lacks detail of the physical location of each project, so the Trusts cannot confirm whether hours worked fall within the covered jurisdiction. The report also covers approximately 33 months prior to the audit period but no hourly detail per employee per month, so the auditors cannot determine which hours to exclude.
>
> Payroll Register—this document lists total wages for each employee from June 20, 2013 through December 31, 2017 but in addition to providing information outside the requested time frame, the Payroll Register lacks detail of hourly wages or hours worked by each employee each month and does not include detail of job title, craft, or union affiliation. Without detail of each employee's monthly hours worked, wage rates, job classification, or union affiliation, the auditors cannot discern which employees did or did not perform covered work.
>
> Unemployment Tax Reports—these reports provide hours worked and wages earned by each employee during the requested March 2014 through December 2017 time frame but do not include any monthly detail, job/craft classification, or work location. The auditors cannot tie these reports to the documents described in items 2a and 2b, as those items span longer periods.
>
> Union Remittance Reports and Union Summaries—remittance reports include only those hours previously reported by Defendant to the Trusts, and Union Summaries reflect total hours by craft code. The February 13, 2018 Audit Notification letter specifies that the auditors do not accept filtered union summaries as a form of payroll or confirmation of hours. Lacking full knowledge of Defendant's payroll system, the auditors cannot confirm that all applicable codes were accurately included in the filtered documents.

Dkt. 15.

ORDER GRANTING MOTION TO COMPEL - 3

Plaintiff Trusts also point out that Defendant previously provided full payroll detail during a 2014 audit, and it is puzzling why they would not do so now. The prior audit revealed significant underreporting of $36,000.00 in delinquent fringe benefits contributions and wage deductions owed on behalf of the employees. Dkt. 15 at 4; Dkt. 16-1 at 8.

Defendant does not dispute that Plaintiff Trusts are authorized to review its payroll records and has provided full payroll detail in prior audits. Defendant has also not shown that the records requested are not relevant or that the request is not necessary to the proper administration of the Trusts. *See e.g., Plumber, Steamfitter, and Shipfitter Industry Pension Trust v. Siemens Building Technologies, Inc.*, 228 F3d 964 (9th Cir. 2000) (broad document-production provisions in the trust agreements granted access to records covering all employees where there was no showing of motivation to advance an improper purpose); *see also, Northwest Administrators, Inc. v. Clear Channel Outdoor, Inc.,* 2:13-cv-0399, W.D. Wash., J. Lasnik) (employer's duty to contribute attaches to hours for all employees who perform certain covered types of work and employer was compelled to produce all payroll records to advance the necessary goal of complying with the trusts' audit requirements).

Accordingly, Plaintiff Trust's motion to compel the production of documents is granted. Defendant has agreed to give Plaintiff Trust's auditors access to its payroll records during an on-site payroll audit and presumably, this on-site payroll audit will be in lieu of electronic or mail document production of the documents requested by Defendant Trusts and its auditors.

Accordingly, it is **ORDERED:**

(1) Plaintiff Trusts' motion to compel (Dkt. 11) is **GRANTED;**

(2) Defendant shall contact Plaintiff Trusts' auditors, Anastasi, Moore & Martin, PLLC, telephone 509-323-0272, **by May 29, 2018** to arrange a mutually convenient time and location for the auditor's inspection of Defendant's payroll records;

ORDER GRANTING MOTION TO COMPEL - 4

(3)     The auditor's inspection of Defendant's payroll records shall include inspection of the following documents (from March 2014 through December 2017): (a) time cards and time books; (b) check registers, check stubs, bank statements, and canceled checks; (c) payroll journals and cash disbursements journals; (d) earning record cards, compensation records, or other such forms that reflect each employee's payment history; (e) and payroll tax reports to Federal and State agencies, including (i) Form 941—Quarterly Reports to IRS (Social Security); (ii) Forms SF 7578—Quarterly Reports to State Department of L&I (Industrial Insurance); (iii) Form 5208—Quarterly Reports to State Employment Security Department (Unemployment Compensation); (iv) Form W-2—Annual Wage and Tax Statement; and (v) Form W-4—Employee's Withholding Allowance Certificate.

(4)     The Clerk shall send a copy of this Order to counsel for the parties.

DATED this 14th day of May, 2018.

BRIAN A. TSUCHIDA
Chief United States Magistrate Judge

ORDER GRANTING MOTION TO COMPEL - 5